IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DUSTY WALTERS,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Civil No. 04-1490-AA
OPINION AND ORDER

---

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

///

///

1   - OPINION AND ORDER

AIKEN, Judge:

Claimant, Dusty Walters, brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied the plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

The plaintiff filed his application for DIB on April 12, 2001. Tr. 54-56. He alleged disability since November 1, 1999, based on hearing voices. Tr. 54, 65. His application was denied initially and upon reconsideration. Tr. 38-42, 45-47. An administrative law judge (ALJ) conducted a hearing on March 20, 2004, where he heard testimony from the plaintiff, who was represented by an attorney, and Dr. Dragovich, a medical expert. Tr. 277-304.

On May 26, 2004, the ALJ issued a decision finding that the plaintiff had engaged in substantial gainful activity since October 29, 2001, and that prior to that date the plaintiff did not have a severe impairment within the meaning of the regulations. Tr. 14-20. Therefore, he found the plaintiff not disabled within the meaning of the Social Security Act. Tr. 20. The Appeals Council denied the plaintiff's request for review on August 23, 2004, making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 422.210.

///

///

2   - OPINION AND ORDER

## STATEMENT OF THE FACTS

The plaintiff was 35 years old at the time of the ALJ's decision. Tr. 71. His past work experience includes cabinet repair, retail, and construction jobs. Tr. 66, 84-91. The plaintiff alleges disability due to hearing voices. Tr. 65. The relevant medical evidence is discussed below.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v.

3   - OPINION AND ORDER

Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

4   - OPINION AND ORDER

In the plaintiff's case, the ALJ found at step one that the plaintiff had engaged in substantial gainful activity since October 29, 2001. Tr. 15. Thus, the ALJ found the plaintiff not disabled since that date. Tr. 15. The plaintiff does not disagree with this finding.

At step two, the ALJ found that between the plaintiff's alleged date of disability onset and October 28, 2001, the plaintiff had an organic brain syndrome impairment that was not severe as that term is used by the regulations. Tr. 19. Because the plaintiff was found not disabled the ALJ stopped the sequential evaluation process. The plaintiff disagrees with the ALJ's assessment of the severity of his impairments at step two.

The plaintiff alleges that the ALJ erred in determining that his impairment was not severe by improperly rejecting the opinions of the DDS physicians.

## DISCUSSION

The plaintiff argues that the ALJ erred in finding his impairment not severe by improperly rejecting the opinions of Drs. Henry and Rethinger on the Residual Functional Capacity (RFC) assessments. The defendant argues that the ALJ's severity finding was supported by substantial evidence and free of legal error.

Drs. Henry and Rethinger, DDS physicians, first assessed the plaintiff on the Psychiatric Review Technique Form (PRTF). Tr. 212, 250. The doctors opined that the plaintiff's mental impairments caused only mild limitations. Tr. 212, 250. The categories of limitation the doctors found to be mild came from the "four broad functional areas [that] rate the degree of your

5    - OPINION AND ORDER

functional limitation[.]" See 20 C.F.R. 404.1520a(c)(3). This form is used to rate severity of mental impairments at steps two and three of the sequential evaluation process. SSR 96-8p at *4. Mild mental limitations are generally considered not severe. 20 C.F.R. 404.1520a(d)(1).

However, the doctors also assessed the plaintiff with moderate workplace limitations on the RFC assessment forms. Tr. 218-219, 236-237. The RFC finding comes just prior to steps four and five of the sequential evaluation process, and requires consideration of an "expanded list of work related capacities[.]" 20 C.F.R. Pt. 404 Subpt. P App. 1 at 12.00A.

The plaintiff attributes the finding of some moderate limitations on the RFC assessment forms as evidence that his mental impairments were severe. An impairment assessed as mild in the areas of the PRTF will be found to be severe if it causes more than a minimal limitation in the ability to do basic work activities in the areas of the RFC assessment. "Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §404.1521(b). In order for an impairment to be nonsevere, it must have no more than a minimal effect on an individual's ability to perform basic work activities. SSR 85-28 at *3.

Basic work activities do not include every work related limitation. Basic work activities include handling "simple instructions," but not handling detailed instructions. 20 C.F.R. §404.1521(b)(3). The plaintiff was not limited in his ability to understand, remember, and carry out simple instructions; therefore he was not impaired as to this basic work activity.

6    - OPINION AND ORDER

Tr. 218, 236. Basic work activities also do not generally include interacting with the general public, which was the only other limitation assessed. Tr. 219, 237. See 20 C.F.R. §404.1521(b). Because the limitations assessed on the RFC form did not indicate more than a minimal effect on the plaintiff's ability to perform basic work activities, the ALJ was correct in finding that the plaintiff's impairments were not severe.

In finding that the plaintiff's impairments were not severe, the ALJ rejected the possibility that Drs. Henry and Rethinger meant to indicate that more than mild limitations existed. The plaintiff argues that the ALJ erred in rejecting the moderate limitations assessed on the RFC forms by these doctors. However, if these assessments are to be interpreted in the manner that the plaintiff asserts, the doctors' opinions are internally inconsistent. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001)(internal citation omitted). The ALJ properly found that to the extent that the limitations on the RFC assessments expressed greater than mild limitations, they contradicted the DDS physicians' assessments on the PRTF.

Furthermore, the ALJ's conclusions were supported by a logical reading of the record as a whole. Dr Dragovich, who testified at the hearing, also commented on the four broad categories of functioning: the activities of daily living; social functioning; concentration, persistence, and pace; and decompensation, and found that the plaintiff had at most mild limitations in these areas. Tr. 300-302. She agreed that the

7   - OPINION AND ORDER

plaintiff's impairment was not severe. Tr. 301. The ALJ properly stopped the sequential evaluation process at step two based on the mild limitations assessed by the DDS physicians and Dr. Dragovich.

The plaintiff also points out that the ALJ incorrectly stated during the hearing that Drs. Rethinger and Henry had opined that the plaintiff had no medically determinable impairment. Dr. Dragovich corrected the ALJ and testified that a medically determinable impairment did exist, but that the limitations caused by the impairment were not severe. The ALJ's misstatement was corrected by the doctor and was not a basis for his decision as to whether step two was satisfied. To satisfy step two, the plaintiff must show that his impairment is both medically determinable and is severe. The ALJ accepted Dr. Dragovich's testimony and found that a medically determinable impairment (a "drug-induced organic brain syndrome") existed, but that the limitations caused by this impairment were not severe; therefore, step two of the sequential evaluation process was not satisfied.

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore affirmed.

IT IS SO ORDERED.

Dated this __22__ day of September 2005.

/s/ Ann Aiken
Ann Aiken
United States District Judge

8  - OPINION AND ORDER